UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RYAN KOBBE, individually,
and JOHN SCHMITZ, individually,

    Plaintiffs,                        Case No.: 6:14-cv-2088-ORL-18DAB

v.

BETHUNE-COOKMAN UNIVERSITY, INC.,
a Florida corporation,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiffs, Ryan Kobbe and John Schmitz, by and through their undersigned counsel and hereby file their Amended Complaint and Demand for Jury Trial against their former employer the Defendant, Bethune-Cookman University, Inc., a Florida corporation, and state as follows:

### INTRODUCTION

1. This is an action by Plaintiffs, Ryan Kobbe and John Schmitz, against their former employer, the Defendant, Bethune-Cookman University, for unpaid minimum wages and unpaid overtime, pursuant to the *Fair Labor Standards Act*, as amended, *29 U.S.C. §216(b)*. Ryan Kobbe and John Schmitz seek damages in excess of Fifteen Thousand Dollars ($15,000.00) along with reasonable attorney's fees and costs.

## *JURISDICTION*

2. This Court has jurisdiction over this matter pursuant to *Fair Labor Standards Act*, as amended, *29 U.S.C. 216(b)*.

3. At all times material to this action, Plaintiff, Ryan Kobbe, was and continues to be a resident of Daytona Beach, Volusia County, Florida.

4. At all times material to this action, Plaintiff, John Schmitz, was and continues to be a resident of Edgewater, Volusia County, Florida.

5. At all times material to this action, the Defendant, Bethune-Cookman University, Inc., was a corporation licensed to conduct business in the state of Florida, and is owned and operated in Daytona Beach, Volusia County, Florida.

6. The venue of this Court over this controversy is proper based upon the claims arising in Daytona Beach, Volusia County, Florida.

## *FACTUAL ALLEGATIONS*

7. Plaintiff, Ryan Kobbe, was at all times material, employed by the Defendant, Bethune-Cookman University, Inc., from approximately May 2013 through on or about December 4, 2014, as a Quarterbacks [football] Coach.

8. Plaintiff, John Schmitz, was at all times material, employed by the Defendant, Bethune-Cookman University, Inc., from approximately May 13, 2014 through approximately September 13, 2014, as a Muscle Recovery Specialist.

9. At all times material, Plaintiffs, Ryan Kobbe and John Schmitz, were employees as defined by *29 U.S.C. §203(e), Fair Labor Standards Act*.

10. The Defendant, Bethune-Cookman University, Inc., is an employer as defined by *29 U.S.C. §203(d), Fair Labor Standards Act.* Further, Bethune-Cookman University, Inc., has employees subject to the provisions of the *Fair Labor Standards Act.*

11. At all times material, Plaintiffs, Ryan Kobbe and John Schmitz, were employees of the Defendant, Bethune-Cookman University, Inc., and were "engaged in commerce" as defined by *29 U.S.C. Sections 206(a) and 207(a)(1).*

12. At all times material hereto, the Defendant, Bethune-Cookman University, Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the *Fair Labor Standards Act.*

13. Based upon information and belief the annual gross revenue of the Defendant, Bethune-Cookman University, Inc., is in excess of Five Hundred Thousand Dollars ($500,000.00) annually.

14. At all times relevant to this action, the Defendant, Bethune-Cookman University, Inc., employed at least two (2) employees who handled goods such as products, supplies, parts and equipment that previously moved through commerce.

15. At all times relevant to this action, Plaintiffs, Ryan Kobbe and John Schmitz, were "engaged in commerce" and subject to individual coverage of the *Fair Labor Standards Act.*

16. During their employment with Defendant, Bethune-Cookman University, Inc., Plaintiffs, Ryan Kobbe and John Schmitz, were not paid at least minimum wage for all hours worked during one or more work weeks.

17. During their employment with Defendant, Bethune-Cookman University, Inc., Plaintiffs, Ryan Kobbe and John Schmitz, were not paid time and one-half their regular rate of

pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18. At all times relevant to this action, the Defendant, Bethune-Cookman University, Inc., failed to comply with *29 U.S.C. Sections 201 - 209*, because Plaintiffs, Ryan Kobbe and John Schmitz, performed services for which no provisions were made by Bethune-Cookman University, Inc., to properly pay Ryan Kobbe and John Schmitz for those hours worked within a work week, and to ensure Ryan Kobbe and John Schmitz were paid their complete wages.

19. Upon information and belief, the records, to the extent any exists, concerning the number of hours worked and amounts paid to Plaintiffs, Ryan Kobbe and John Schmitz, are in the possession and control of the Defendant, Bethune-Cookman University, Inc.

20. The Defendant, Bethune-Cookman University, Inc., agreed to pay Plaintiffs, Ryan Kobbe and John Schmitz, wages for work performed. Ryan Kobbe and John Schmitz accepted this agreement and did work for Bethune-Cookman University, Inc.

21. At all times relevant to this action, the work performed by Plaintiffs, Ryan Kobbe and John Schmitz, was directly essential to the business performed by the Defendant, Bethune-Cookman University, Inc.

22. Plaintiffs, Ryan Kobbe and John Schmitz, has retained The Harr Law Firm to represent them in this matter and have agreed to pay said firm reasonable attorney's fees for its service.

23. All conditions precedent to the filing of this action have occurred or been waived.

[Rest of page left blank intentionally]

## *COUNT I*

### *RECOVERY OF MINIMUM WAGES FOR JOHN SCHMITZ*

24. Plaintiff, John Schmitz, realleges the allegations contained in paragraph one (1) through twenty-three (23) above.

25. At various material times hereto, Plaintiff, John Schmitz, worked for the Defendant, Bethune-Cookman University, Inc.

26. Plaintiff, John Schmitz, was entitled to be paid a minimum wages for each hour worked during his employment with the Defendant, Bethune-Cookman University, Inc.

27. Plaintiff, John Schmitz, has demanded proper compensation for one or more weeks of work with the Defendant, Bethune-Cookman University, Inc., but Bethune-Cookman University, Inc., has refused to compensate him for same. As a result of the actions of Bethune-Cookman University, Inc., in this regard, John Schmitz has not been paid a minimum wage for each hour worked during one or more weeks of employment with Bethune-Cookman University, Inc.

28. The Defendant, Bethune-Cookman University, Inc., willfully failed to pay Plaintiff, John Schmitz, a minimum wage for one or more weeks contrary to the *Fair Labor Standards Act*.

**WHEREFORE,** Plaintiff, John Schmitz, demands judgment against the Defendant, Bethune-Cookman University, Inc., a Florida corporation, for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorney's fees and costs incurred in this action and any and all further relief this Honorable Court determines to be just and proper.

## COUNT II

### RECOVERY OF MINIMUM WAGES FOR RYAN KOBBE

29. Plaintiff, Ryan Kobbe, realleges the allegations contained in paragraph one (1) through twenty-three (23) above.

30. At various material times hereto, Plaintiff, Ryan Kobbe, worked for the Defendant, Bethune-Cookman University, Inc.

31. Plaintiff, Ryan Kobbe, was entitled to be paid a minimum wages for each hour worked during his employment with the Defendant, Bethune-Cookman University, Inc.

32. Plaintiff, Ryan Kobbe, has demanded proper compensation for one or more weeks of work with the Defendant, Bethune-Cookman University, Inc., but Bethune-Cookman University, Inc., has refused to compensate him for same. As a result of the actions of Bethune-Cookman University, Inc., in this regard, Ryan Kobbe has not been paid a minimum wage for each hour worked during one or more weeks of employment with Bethune-Cookman University, Inc.

33. The Defendant, Bethune-Cookman University, Inc., willfully failed to pay Plaintiff, Ryan Kobbe, a minimum wage for one or more weeks contrary to the *Fair Labor Standards Act*.

**WHEREFORE,** Plaintiff, Ryan Kobbe, demands judgment against the Defendant, Bethune-Cookman University, Inc., a Florida corporation, for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorney's fees and costs incurred in this action and any and all further relief this Honorable Court determines to be just and proper.

## COUNT III

### RECOVERY OF OVERTIME WAGES FOR JOHN SCHMITZ

34.     Plaintiff, John Schmitz, realleges the allegations contained in paragraph one (1) through twenty-three (23) above.

35.     The Defendant, Bethune-Cookman University, Inc., was aware Plaintiff, John Schmitz, performed non-exempt job duties, but still refused to pay John Schmitz overtime hours for hours worked in excess of forty (40).

36.     As a result of the Defendant, Bethune-Cookman University, Inc.'s intentional and willful, and unlawful acts in refusing to pay Plaintiff, John Schmitz, time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, John Schmitz has suffered damages plus incurring reasonable attorney's fees and costs.

37.     In addition, the Defendant, Bethune-Cookman University, Inc., failed to maintain and keep accurate time records as required by the *Fair Labor Standards Act* for Plaintiff, John Schmitz.

38.     Also, the Defendant, Bethune-Cookman University, Inc., failed to post the required *Fair Labor Standards Act*, informational listings as required by the *Fair Labor Standards Act*.

39.     As a result of the Defendant, Bethune-Cookman University, Inc.'s willful violation of the federal *Fair Labor Standards Act*, Plaintiff, John Schmitz, is entitled to liquidated damages.

40.     Plaintiff, John Schmitz, is entitled to an award of reasonable attorney's fees and costs pursuant to *29 U.S.C. §216(b)*.

**WHEREFORE,** Plaintiff, John Schmitz, demands judgment against the Defendant, Bethune-Cookman University, Inc., a Florida corporation, for compensatory damages, an

additional and equal amount of liquidated damages, reasonable attorney's fees and costs incurred in this action and any and all further relief this Honorable Court determines to be just and proper.

## COUNT IV

### RECOVERY OF OVERTIME WAGES FOR RYAN KOBBE

41. Plaintiff, Ryan Kobbe, realleges the allegations contained in paragraph one (1) through twenty-three (23) above.

42. The Defendant, Bethune-Cookman University, Inc., was aware Plaintiff, Ryan Kobbe, performed non-exempt job duties, but still refused to pay Ryan Kobbe overtime hours for hours worked in excess of forty (40).

43. As a result of the Defendant, Bethune-Cookman University, Inc.'s intentional and willful, and unlawful acts in refusing to pay Plaintiff, Ryan Kobbe, time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Ryan Kobbe has suffered damages plus incurring reasonable attorney's fees and costs.

44. In addition, the Defendant, Bethune-Cookman University, Inc., failed to maintain and keep accurate time records as required by the *Fair Labor Standards Act* for Plaintiff, Ryan Kobbe.

45. Also, the Defendant, Bethune-Cookman University, Inc., failed to post the required *Fair Labor Standards Act*, informational listings as required by the *Fair Labor Standards Act*.

46. As a result of the Defendant, Bethune-Cookman University, Inc.'s willful violation of the federal *Fair Labor Standards Act*, Plaintiff, Ryan Kobbe, is entitled to liquidated damages.

47. Plaintiff, Ryan Kobbe, is entitled to an award of reasonable attorney's fees and

costs pursuant to *29 U.S.C. §216(b)*.

**WHEREFORE,** Plaintiff, Ryan Kobbe, demands judgment against the Defendant, Bethune-Cookman University, Inc., a Florida corporation, for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorney's fees and costs incurred in this action and any and all further relief this Honorable Court determines to be just and proper.

## *JURY TRIAL*

48.     Plaintiffs, John Schmitz and Ryan Kobbe demand a jury trial on all counts.

Dated:  December 30, 2014.

        Respectfully submitted,

        /s/   Noah J. Prosser
        **JASON L. HARR**
        Florida Bar No.: 0194336
        **NOAH J. PROSSER**
        Florida Bar No.: 0111712
        **THE HARR LAW FIRM**
        1326 South Ridgewood Avenue
        Suite Twelve
        Daytona Beach, Florida 32114
        Email: jasonharr@harrlawfirm.com
        noahprosser@harrlawfirm.com
        nancycentrone@harrlawfirm.com
        Telephone: (386) 226-4866
        Telefax: (386) 226-4886
        **TRIAL COUNSEL FOR PLAINTIFFS**
        **JOHN SCHMITZ A ND RYAN KOBBE**